[Cite as *State v. Muse*, 2018-Ohio-3402.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27972 |
| | : | |
| v. | : | Trial Court Case No. 16-CR-2392 |
| | : | |
| THOMAS B. MUSE, III | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 24th day of August, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Montgomery County Prosecutor's Office, Appellate Division, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

GARY C. SHAENGOLD, Atty. Reg. No. 0007144, 4 E. Schantz Avenue, Dayton, Ohio 45409
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Thomas B. Muse III appeals from the trial court's denial of his application to seal his record after the successful completion of diversion and the dismissal of a criminal charge against him.

{¶ 2} In his sole assignment of error, Muse contends the trial court erred in failing to follow the statutory mandates of R.C. 2953.52(B) and in failing to conduct a hearing prior to denying his application. For its part, the State has conceded error in the trial court's failure to hold a hearing before denying the application.

{¶ 3} The record reflects that Muse was charged with theft of $1,000 or more from an elderly or disabled person, a fourth-degree felony. The trial court placed him in a diversion program, which he completed successfully. The trial court then filed a termination entry dismissing the criminal case against Muse with prejudice. Nearly three months later, he filed a February 13, 2018 application for sealing of the record of the criminal case pursuant to R.C. 2953.52(A). (Doc. #14). The next entry in the trial court's docket is an April 3, 2018 order denying the application for sealing "[f]or the reasons set forth in the 'Report of Application for Sealing of Arrest Record[.]' " (Doc. #15). The referenced report, written by an employee of the diversion program, noted that Muse had been convicted of misdemeanor theft in Xenia Municipal Court just days before filing his application for sealing. In light of the recent misdemeanor conviction, the diversion officer had recommended denying the application.

{¶ 4} With regard to applications for sealing records, R.C. 2953.52(B)(1) and (2) provide:

(B)(1) Upon the filing of an application pursuant to division (A) of this

section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(2) The court shall do each of the following, except as provided in division (B)(3) of this section:

(a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreperson or deputy foreperson of the grand jury;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

**{¶ 5}** Here it is not apparent from the trial court's bare reference to Muse's recent misdemeanor conviction that it engaged in the analysis required by R.C. 2953.52(B)(2)(d), which involves weighing his interest in sealing against any legitimate government need to maintain the record. We also see no indication that the trial court scheduled or held a hearing on Muse's application before denying it, as required by R.C. 2953.52(B)(1). This court has recognized that "[t]he requirement of a hearing, as set forth in R.C. 2953.52(B), is mandatory." *State v. S.D.A.*, 2d Dist. Montgomery No. 27446, 2017-Ohio-8414, ¶ 12. Accordingly, we agree with the parties that the trial court erred in failing to comply with R.C. 2953.52(B) before denying Muse's application.

**{¶ 6}** The assignment of error is sustained. The judgment of the Montgomery County Common Pleas Court is reversed, and the cause is remanded for further proceedings.

. . . . . . . . . . . . .


FROELICH, J. and TUCKER, J., concur.


Copies mailed to:

Mathias H. Heck
Michael P. Allen
Gary C. Schaengold
Hon. Mary Katherine Huffman